**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| REGINALD ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-545 TS |
| ) | |
| ED BUSS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Reginald Anderson, a prisoner confined at the Indiana State Prison, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is serving a sixty-five year sentence for his 1998 Vigo County conviction for murder. In his habeas corpus petition, Mr. Anderson asserts that the prosecution failed to disclose favorable evidence, that the conviction was obtained by the use of false testimony, and that the prosecution used tampered, prejudicial evidence to obtain his conviction. He also asserts that he received ineffective assistance of counsel at trial, on direct appeal, and during his post-conviction proceeding. The respondent argues that the petitioner's grounds for relief are either not cognizable in federal habeas review, barred by procedural default, or are without merit.

The parties' submissions establish that Mr. Anderson appealed his conviction to the Indiana Supreme Court, which affirmed his conviction in *Anderson v. State*, 718 N.E.2d 1101 (Ind. 1999). He subsequently appealed the denial of post-conviction relief to the Indiana Court of Appeals, which affirmed the decision of the post-conviction court in an unpublished decision. The Indiana Supreme Court denied transfer.

**A.     Ineffective Assistance of Counsel**

Mr. Anderson asserts that his trial, direct appeal, and post-conviction counsel were all ineffective. A habeas petitioner may challenge the effectiveness of his trial and direct appeal counsel, but is not entitled to relief on any claim that his post-conviction counsel was ineffective. *Szabo v. Walls*, 313 F.3d 392, 396–97 (7th Cir. 2002); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

To support a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate: (1) that counsel's performance was deficient; and (2) that absent the deficient performance, there exists a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the first prong, a petitioner must show that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. *Williams v. Taylor*, 529 U.S. 362, 390 (2000). A reviewing court must afford a strong presumption that the conduct of a habeas petitioner's counsel fell within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 669. A habeas petitioner claiming ineffective assistance of counsel "bears a heavy burden" of showing that his counsel's performance was deficient and that the counsel's alleged errors rendered the result of the proceeding "fundamentally unfair or unreliable." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996).

This court may not grant a petition for writ of habeas corpus unless the state courts adjudicated a claim contrary to established interpretation of federal law or they made an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 404–05. In reviewing a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, this court must presume the facts set forth by the

2

state court are correct. *Sumner v. Mata*, 449 U.S. 539, 547 (1981). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(3)(1).

Mr. Anderson did not submit his trial transcript as part of the post-conviction proceedings. His trial counsel testified at the post-conviction hearing. Mr. Anderson waived the appearance of his appellate counsel, but submitted correspondence between himself and his appellate counsel into evidence. The trial court concluded that Mr. Anderson's trial and appellate counsel were not ineffective.

On the basis of the record submitted at the post-conviction hearing, the Indiana Court of Appeals concluded that Mr. Anderson's trial counsel was not ineffective when he did not investigate his claims that two witnesses would offer perjured testimony at trial. Furthermore, the court found that Mr. Anderson suffered no constitutional violation when, after the trial court denied his motion to suppress, counsel failed to renew his objection to the admission of mitochondrial DNA testing and failed to renew his objection Mr. Anderson's in-court identification by a witness.

Mr. Anderson asserted that his appellate counsel was also ineffective because, in his direct appeal, he failed to challenge the trial counsel's competency. The court of appeals agreed with the trial court that, in light of the record presented at the hearing, "Anderson failed to establish that he received ineffective assistance of appellate counsel." *Anderson v. State of Indiana*, No 84A04-0303-PC-153, slip op. at 10 (Ind. Ct. App. March 14, 2005).

The Indiana appellate court determined that Mr. Anderson's trial and appellate counsel were not ineffective and that he was not prejudiced by their performance. The Court of Appeals of Indiana correctly applied established federal law in adjudicating Mr. Anderson's ineffective assistance of counsel claims, and did not make an unreasonable determination of the facts in light of the facts presented in the state court proceedings**.** Accordingly, this court must deny Mr. Anderson relief on

3

his ineffective assistance of counsel claims because his submissions do not present clear and convincing evidence rebutting the presumption of correctness of the state court determinations, nor do they establish that a fundamental miscarriage of justice occurred in his criminal case.

### B.        Prosecutorial Misconduct

Mr. Anderson's remaining claims deal with alleged prosecutorial misconduct. In his petition, he states that the prosecution "failed to disclose to both the defendant[] evidence favorable to him," (Ground one);" that exculpatory evidence was wrongfully suppressed by the state," (Ground two); and that the prosecutor submitted DNA "evidence that was tampered with." (Ground three).

Mr. Anderson presented none of these claims in his direct appeal. In his petition for post-conviction relief, Mr. Anderson raised:

> several freestanding claims of error. He alleges that the State engaged in prosecutorial misconduct by tampering with the hair sample DNA evidence and by knowingly presenting perjured testimony from witnesses Robert Hale and Tosha Towles. Anderson also claims in his petition that the trial transcript had been altered and that the State violated the Interstate Agreement on Detainers. Each of these issues was available on appeal, but was not raised. Thus, these freestanding issues are waived for purposes of post-conviction relief.

Court of Appeals of Indiana unpublished opinion in *Anderson v. State of Indiana*, No 84A04-0303-PC-153, slip op. at 7–8 (Ind. Ct. App. March 14, 2005) (citations omitted).

The doctrine of procedural default precludes a federal court from reaching the merits of a habeas petition if (1) the claim was presented to the state courts, and the state court ruling rested on independent and adequate state procedural grounds, or (2) the petitioner did not fairly present his federal claim to the appropriate state courts, and those state courts would now hold the claim procedurally barred. For procedural default to apply, the last state court ruling on the claim must

clearly and expressly state that the judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 261 (1989).

Waiver is an adequate and independent state law procedural ground, but "'[a]n adequate and independent state ground bars federal habeas review of constitutional claims only if 'the last state court rendering judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar'" *Harrison v. McBride*, 428 F.3d 652, 664 (7th Cir. 2005) (quoting *Gomez v. Jaimet*, 350 F3d 673, 677 (7th Cir. 2003). In *Harrison*, the last reviewing Indiana court did not expressly rely on waiver, so the federal courts were required to review the petitioner's claims on the merits. However, in this case, the Indiana court of appeals specifically relied on the waiver doctrine to dispose of Mr. Anderson's freestanding claims of prosecutorial misconduct. Accordingly, the doctrine of procedural default applies to this petition.

A habeas applicant who presents defaulted claims for federal collateral review may only obtain review on the merits if he establishes cause and prejudice to excuse his default or shows that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice. *See Coleman v Thompson,* 501 U.S. 722 , 749–50 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). Mr. Anderson's submissions do not establish cause or prejudice, nor do they establish a fundamental miscarriage of justice.

For these reasons, the court the Court **DENIES** this petition.

SO ORDERED on January 30, 2007.

 S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION